IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-2364-WJM

CHARLES HENDERSON,

    Plaintiff,

v.

ABM Parking Services, Inc., and
1800 Market Tower, LLC,

    Defendants.

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE
AND REMANDING CASE TO DENVER DISTRICT COURT**

This action was initially filed by Plaintiff Charles Henderson ("Plaintiff") against Defendant ABM Parking Services, Inc., ("ABM") and 1800 Market Tower LLC ("1800 Market Tower") (together, "Defendants"), in the Denver County District Court on July 25, 2018. (ECF No. 1-1.) On September 14, 2018, ABM removed the action to federal court, claiming that this Court had jurisdiction over the action under 28 U.S.C. § 1332. (ECF No. 1.) Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the

court's jurisdiction"). Exercising its independent duty to examine its subject matter jurisdiction, *see Phelps v. Hamilton*, 122 F.3d 1309, 1315–16 (10th Cir. 1997), the Court entered an Order to Show Cause requiring Defendants to show that diversity exists based on the citizenship of each and every member of ABM Industry Groups, LLC, and 1800 Market Tower, LLC. (ECF No. 13.)

When determining whether complete diversity of the parties exists, the Court must consider the citizenship of all members of an limited liability corporation or limited partnership. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (citizenship of limited partners must be taken into account to determine diversity of citizenship of the parties; limited partnership is not in its own right a citizen of the state that created it for purposes of diversity); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (applying same analysis to master limited partnership). To establish citizenship, Defendants must identify the individual members of each limited partnership and their states of citizenship as established by their domiciles. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, one is considered a citizen of the state in which he is domiciled."); *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence'.... [D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

Defendants responded to the Order to Show Cause on September 24, 2018, alleging the citizenship of each member of ABM. (ECF No. 15) Defendants failed, however, to allege the citizenship of each member of 1800 Market Tower. (*Id.*) Defendants state that 1800 Market Tower's sole member is BlackRock Property Fund Operating Partnership, L.P. Defendants also state that BlackRock Property Fund Operating Partnership, L.P.'s sole general partner is BlackRock US Core Property Fund, Inc. Defendants proceed to allege (albeit deficiently, *see infra* note 1) the citizenship of BlackRock US Core Property Fund, Inc.[1]

Defendants completely fail, however, to identify the identity or citizenship of any limited partner or partners of BlackRock Property Fund Operating Partnership, L.P. By definition, a Delaware limited partnership is comprised of "1 or more general partners and 1 or more limited partners." Del. Code Ann. tit. 6, §17-101(9). Absent any indicia of the identity or citizenship of the limited partners of BlackRock Property Fund Operating Partnership, L.P., Defendants have not established that complete diversity of the parties exists and thus fail to demonstrate—as is their burden—that this action is within the Court's jurisdiction. *Bustillos*, 31 F.3d at 933.

---

[1] Defendants' conclusion as to the citizenship of BlackRock US Core Property Fund, Inc., (and therefore 1800 Market Tower) as solely as citizen of New York is inaccurate. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). According to Defendants' filing, BlackRock US Core Property Fund, Inc., is a Maryland corporation with its principal place of business in New York. (ECF No. 15.) Therefore, BlackRock US Core Property Fund, Inc., is a citizen of both Maryland and New York, and accordingly 1800 Market Tower is also a citizen of both Maryland and New York.

Consequently, the Court's Order to Show Cause (ECF No. 13) is MADE ABSOLUTE and the above-captioned action is REMANDED to Denver County District Court. The Clerk shall transmit the file.

Dated this 27th day of September, 2018.

BY THE COURT:

William J. Martinez
United States District Judge